IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      v.                                          15-CR-19-A (HBS)

GEORGINA FISHER,
a/k/a Georgina Baratta,

              Defendant.

## GOVERNMENT'S PRE-HEARING BRIEF

The United States of America, by and through its attorneys, William J. Hochul, Jr., United States Attorney for the Western District of New York, and MaryEllen Kresse Assistant United States Attorney, of counsel, hereby submits a brief in anticipation of the hearing pursuant to United States v. Monsanto, which hearing is currently scheduled before this Court on August 20, 2015.

## PROCEDURAL HISTORY

On June 29, 2015, this Court issued an Order finding that the defendant had satisfied the required showing that she did not have sufficient alternative assets to fund counsel of choice, and granted her motion for a Monsanto hearing. Docket No. 37, at 3. The government appealed that Order to the District Court on the ground that the defendant had not satisfied her burden of showing a lack of sufficient alternative assets to fund counsel, and that the requirement that the defendant show a lack probable cause for the forfeiture had not been properly addressed. Docket No. 43.

Following oral argument on July 28, 2015, the District Court issued an order denying the government's appeal. Docket No. 51.

The Monsanto hearing is scheduled for August 20, 2015. The instant brief is submitted to address the procedure for conducting such hearing.

## THE *MONSANTO* HEARING PROCEDURE

At a Monsanto hearing, it is the government's burden to establish that probable cause exists to believe that the assets in dispute are traceable or otherwise sufficiently related to the crimes charged in the indictment. See Kaley v. United States, 134 S. Ct. 1090, 1095 (2014).[1] See also United States v. Daccarett, 6 F.3d 37, 56 (2d Cir. 1993) ("the government must demonstrate only a `nexus' between the seized property" and the crime charged), cert. denied, 510 U.S. 1191 (1994). At such hearing, "the court may receive and consider … evidence and information that would be inadmissible under the Federal Rules of Evidence." United States v. Monsanto, 924 F.2d 1186, 1203 (2d Cir. 1991).

In Monsanto, the Second Circuit held that a hearing under Monsanto "would not provide [defendants] with procedural safeguards comparable to those afforded defendants seeking bail, who are entitled to a "full-blown adversary hearing"…." Id. at 1194 (citations omitted). The Second Circuit highlighted the "safeguards" built into the "full-blown

---

[1] In Kaley, the Supreme Court rejected the Second Circuit's holding in Monsanto and its progeny that the defendant is entitled to a hearing on the issue of whether there is probable cause to believe that the defendant committed the crimes that provide the basis for forfeiture. 134 S. Ct. at 1097-1100, 1104.

...
...
...
...
...

adversary hearing" for detention, namely the opportunity to testify, to present witnesses, to cross-examine witnesses who appear at the hearing, and to present information by proffer or otherwise.  Id. at 1194-95.  See also Title 18, United States Code, Section 3142(f).  Thus, in that a Monsanto hearing does not involve or require these same safeguards, the government can satisfy its burden of proof by way of proffer.  Moreover, as this Court is aware, even in a detention situation, the government typically proceeds by proffer rather than by presenting evidence, calling witnesses, or otherwise running a "full-blown adversary hearing".[2]  If such procedure is warranted in a situation where the government faces a higher burden of proof, namely "clear and convincing evidence," (18 U.S.C. Section 3142(f)), it is appropriate here, where the government's burden is "probable cause."

Allowing the government to proceed by proffer addresses the problem, recognized by the Second Circuit in Monsanto, of the premature disclosure of government witnesses.  924 F.2d at 1198.  Further, as the Supreme Court noted in Kaley, requiring an evidentiary hearing to contest the probable cause underlying an indictment would "undermine the Government's ability either to obtain a conviction or to preserve forfeitable property."  134 S. Ct. at 1100-01.  Requiring the government to proceed other than by proffer "would give the defendant knowledge of the Government's case and strategy well before the rules of criminal procedure—or principles of due process, see, e.g., Brady v. Maryland, 373 U.S. 83 … (1963)—would otherwise require." Id. at 1101 (citations omitted).  As the Supreme Court stated: "it is small wonder that the Government wants to avoid th[e] lose-lose dilemma" of

---

[2] The use of proffers at detention hearings has been upheld by the Supreme Court.  United States v. Salerno, 481 U.S. 739, 743 (1987).  See also United States v. Ferranti, 66 F.3d 540, 542 (2d Cir. 1995).

choosing to either protect the forfeiture by providing discovery or protect the conviction by surrendering the assets.  Id. at 1102.

The Supreme Court has "repeatedly declined to require the use of adversarial procedures to make probable cause determinations:"

> Probable cause, we have often told litigants, is not a high bar: It requires only the "kind of `fair probability' on which `reasonable and prudent [people,] not legal technicians, act.'"

Id. at 1103 (citations omitted).  "The probable cause decision, by its nature, is hard to undermine, and still harder to reverse."  Id. at 1104.

Indeed, in a case decided by the Second Circuit on August 10, 2015, United States v. Cosme, 2015 WL 4716437 (Aug. 10, 2015), the Court held that where a grand jury votes on a forfeiture allegation, the grand jury's probable cause determination is not subject to review at a subsequent Monsanto hearing.  The Circuit Court cited the District Court's reliance on Kaley and Kaley's holding that a judge cannot "second-guess[]" a grand jury's finding of probable cause, and specifically:

> [i]f judicial review of the grand jury's probable cause determination is not warranted (as we have so often held) to put a defendant on trial or place her in custody, then neither is it needed to freeze her property.

Id. at *5 (quoting Kaley, 134 S. Ct. at 1098).  In the instant case, unlike Cosme, the grand jury did vote on the forfeiture allegation.  As such, the defendant is not entitled to any hearing on the issue of whether probable cause exists to believe that the assets in dispute are traceable or otherwise sufficiently related to the crimes charged in the Superseding

4

Indictment. In light of the Cosme decision, the government, by separate filing, is seeking reconsideration of this Court's Order granting the Monsanto hearing.

## CONCLUSION

For the reasons set forth above, and as contemplated by the Second Circuit's decision in Monsanto, in order to sustain its burden of establishing probable cause to believe that the assets in dispute are traceable or otherwise sufficiently related to the crimes charged in the Superseding Indictment, the government will proceed at the hearing by proffer.

DATED: Buffalo, New York, August 18, 2015

                                              WILLIAM J. HOCHUL, JR.
                                              United States Attorney

BY:   /s/   MARYELLEN KRESSE
          Assistant United States Attorney
          United States Attorney's Office
          Western District of New York
          138 Delaware Avenue
          Buffalo, New York 14202
          716/843-5888
          MaryEllen.Kresse@usdoj.gov