IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

———————————————————————————————

UNITED STATES OF AMERICA,

        v.                                          15-CR-19-A (HBS)

GEORGINA FISHER,
a/k/a Georgina Baratta,

                        Defendant.

———————————————————————————————

**GOVERNMENT'S SUPPLEMENTAL SUBMISSION REGARDING DEFENDANT'S
MOTION FOR A _MONSANTO_ HEARING**

      The United States of America, by and through its attorneys, William J. Hochul, Jr.,

United States Attorney for the Western District of New York, and MaryEllen Kresse

Assistant United States Attorney, of counsel, hereby submits a supplemental brief in support

of its position that, following the Second Circuit's decision in United States v. Cosme, 2015

WL 4716437 (2d Cir. Aug. 10, 2015), a defendant is not entitled to a Monsanto hearing

where, as here, the forfeiture allegation in the Indictment was presented to a grand jury for a

probable cause determination.

**PROCEDURAL HISTORY**

      On June 29, 2015, this Court issued an Order finding that the defendant had satisfied

the required showing that she did not have sufficient alternative assets to fund counsel of

choice, and granted her motion for a Monsanto hearing. Docket No. 37, at 3.   The

government appealed that Order to the District Court on the ground that the defendant had

not satisfied her burden of showing a lack of sufficient alternative assets to fund counsel, and

that the requirement that the defendant show a lack probable cause for the forfeiture had not been properly addressed.   Docket No. 43.

Following oral argument on July 28, 2015, the District Court issued an order on August 3, 2015, denying the government's appeal.   Docket No. 51.

Pursuant to this Court's prior scheduling order, the Monsanto hearing was scheduled to take place on August 20, 2015.

On August 10, 2015, the Second Circuit issued a decision in the case of United States v. Cosme, 2015 WL 4716437, in which it upheld the District Court's holding that, where a probable cause finding relative to forfeiture has already been made, i.e., by the grand jury, the defendant is not entitled to second-guess that determination.   Because the government had relied on the District Court's decision in Cosme in support of its argument that the defendant was not entitled to a Monsanto hearing, (see Government Response in Opposition to Defendant's Motion for a Monsanto Hearing, Docket No. 29, at 10), and because the government read the Second Circuit's decision as upholding the underlying legal finding of the District Court that a grand jury's consideration of the nexus between the crime charged and the property sought to be forfeited ends the issue, the government filed a Motion for Reconsideration relative to this Court's decision to allow a Monsanto hearing.   Docket No. 55.

On August 19, 2015, this Court denied the government's Motion for Reconsideration. Docket No. 56.   The Court ordered that the hearing would take place as scheduled.

At the court appearance on August 20, 2015, the Court referenced its understanding regarding the Second Circuit's holding on Monsanto hearings.   Following the government's inquiry, the Court confirmed that it was referring to the Second Circuit's August 10, 2015 decision in Cosme.   August 20, 2015 Transcript, at 2-3.   There followed a discussion regarding the holding in that case, and the government's position, as set forth in its Motion for Reconsideration, that Cosme stood for the proposition that the reasoning in Kaley, i.e., probable cause determinations by the grand jury are not subject to second-guessing, is extended to the issue of the nexus between the property sought to be forfeited and the crime charged if that issue is presented to the grand jury.   Id. at 5-9.

At the conclusion of the proceeding, the Court gave the parties an opportunity to submit whatever authority they had for anything that had been raised at the proceeding.   Id. at 24.   The government hereby submits the following in further support of its position that, based on the Second Circuit's decision in Cosme, and the fact that the grand jury in this case did make a probable cause finding relative to forfeiture, the defendant is not entitled to a Monsanto hearing.

**DISCUSSION**

1.   The government's interest in obtaining full recovery of forfeitable assets overrides any Sixth Amendment interest in permitting defendants to use assets adjudged forfeitable. Caplin & Drysdale v. United States, 491 U.S. 617, 631 (1989); United States v. Monsanto, 491 U.S. 600, 614 (1989).

2. Where there has been a finding to probable cause to believe that the property in question will ultimately be proved forfeitable, restraint of such property pre-trial is constitutional even where the defendant claims he or she needs the disputed property to pay for a lawyer.   United States v. Kaley, 134 S. Ct. 1090, 1094 (2014).

3. "Probable cause to believe the property in question will ultimately be proved forfeitable" focuses on whether there is probable cause to believe there is a nexus between the property in question and the crimes charged.   Kaley, 134 S. Ct. at 1095; United States v. Daccarett, 6 F.3d 37, 56 (2d Cir. 1993) ("the government must demonstrate only a `nexus' between the seized property" and the crime charged), cert. denied, 510 U.S. 1191 (1994).

4. With a structuring offense under Section 5324 of Title 31 of the United States Code, any funds connected with the structuring activity become the proceeds of the crime.   As such, they are subject to forfeiture.   Title 31, United States Code, Section 5317(c).

4

5.    Under structuring, the source of the funds, legitimate or otherwise, is not relevant. Again, it is the act of structuring that renders the funds criminal proceeds. Whatever is acquired, purchased or otherwise obtained or involved with these criminal proceeds is subject to forfeiture.

6.    Under Section 5317(c), "all property, real or personal, <u>involved in the offense</u> <u>and</u> <u>any property traceable thereto</u>" is subject to forfeiture in a structuring offense.  Title 31, United States Code, Section 5317(c) (emphasis added).  The government's position has always been that the property in question is subject to forfeiture because it was involved in and/or traceable to the structuring offenses charged in the indictment.[1]  See June 9, 2015 Transcript at 5, 9, 21.

7. **United States v. Kaley, 134 S. Ct. 1090 (2014)**

After the Supreme Court's decision in Kaley, the only issue to be determined in connection with a Monsanto hearing is whether there is probable cause to believe that the property sought to be forfeited has the requisite connection or nexus to the crimes charged.

---

[1]    The defendant claims that government advanced a "relevant conduct" theory of forfeiture before this court, and then abandoned that theory for a "facilitation" theory before Judge Arcara.   See Docket No. 57 at 5.
        The government's alleged "relevant conduct" theory was an attempt by the government, at oral argument before this court on June 9, 2015, to answer the Court's question: "Are you going to go after more than $74,000 if she's convicted," and explain, however inartfully, that upon conviction, the government was not limited to seeking forfeiture of $74,000, (but rather could seek forfeiture of $74,000 as the amount of funds structured, plus the Theresa Lane property regardless of how much it was worth).   See June 9, 2015 Transcript, at 28 (lines 6-14).   Indeed, later in the proceeding, the government agreed with defense counsel that relevant conduct was a sentencing theory, not forfeiture.   Id. at 31 (lines 9-11).
        In terms of the government's alleged "facilitation" theory, the government has never advanced that theory, but rather, has maintained that Theresa Lane is subject to forfeiture as property involved in and/or traceable to the structuring offense pursuant to 31 U.S.C. Section 5317(c).   See id. at 5, 9, 21.

The Kaley Court did not address this issue because the only issue before it was whether, at a Monsanto hearing, the defendant had a right to delve into the issue of whether there was probable cause to support the crimes charged.   134 S. Ct. at 1097.   The Court, citing the inviolability of grand jury determinations of probable cause, held that the defendant had no such right to second-guess a grand jury determination of probable cause.   Id. at 1097-99.

Kaley is a Monsanto case.   It specifically addresses the issue of what the scope of a Monsanto hearing should be.   It is not a Fourth Amendment case as the defendant has claimed.   See August 20, 2015 Transcript, at 15 (lines 18-26); 16 (line 1).   It is a Fifth and Sixth Amendment case.

8.   **United States v. Cosme, 2015 WL 4716437 (2d Cir. Aug. 10, 2015)**

The Cosme decision makes reference to Kaley in addressing defendant's argument that the government's seizure of property violated the Fourth Amendment.   The District Court, referencing Kaley, held that there was no Fourth Amendment violation because the forfeiture had been presented to the grand jury and, under Kaley, judicial review of that probable cause determination was not warranted.   See Cosme, 2014 WL 1584026, at *2.

On appeal, the Second Circuit did not take issue with the District Court's reliance on Kaley.   It made no finding that Kaley did not apply because Kaley dealt with Monsanto issues under the Sixth Amendment rather than seizure issues under the Fourth Amendment. It made no such distinction.   The Court simply stated that Kaley did not apply under the

specific facts before it because, contrary to the information that had been presented to the

District Court, the forfeiture allegations had <u>not</u> been presented to the grand jury:

> It is evident from the district court's … opinion that, when making its probable cause finding, the district court relied on a mistaken understanding of what the grand jury voted on in the indictment.   In particular, the district court cited to <u>Kaley v. United States</u> … which suggests to us that it believed that the grand jury had voted on the forfeiture allegations.   In <u>Kaley</u>, the Supreme Court held that a judge could not "second-guess[ ]" a grand jury's finding of probable cause ("if judicial review of the grand jury's probable cause determination is not warranted (as we have so often held) to put a defendant on trial or place her in custody, then neither is it needed to freeze her property.").   Here, however, as the government concedes in its brief on appeal, the grand jury did not vote on the forfeiture allegations, which were simply notice provisions not subject to a grand jury vote.   Accordingly, <u>Kaley</u> does not apply, and the district court was required to make its own probable cause finding where none had yet been made in the case.

2015 WL 4716437, at *5 (citations omitted).

9.   Given the above holding, it follows that, <u>had</u> the grand jury made a probable cause

finding relative to the forfeiture, the District Court would have been proper in relying on

<u>Kaley</u>'s directive not to second-guess grand jury determinations of probable cause.   It is this

proposition that the government relies on in contending that, because the grand jury in this

case <u>did</u> make a probable cause finding relative to forfeiture, the defendant is not entitled to

second-guess this finding under the guise of a <u>Monsanto</u> hearing.[2]

10.   In addition to the grand jury finding of probable cause relative to the nexus

between property sought to be forfeited and the crimes charged, the government has made a

---

[2]      The government has indicated its willingness to provide for <u>in camera</u> review, that portion of the grand jury transcript that addresses the nexus between Theresa Lane and the charged conduct.   <u>See</u> August 20, 2015 Transcript, at 9 (lines 6-8).

proffer to the Court of what that nexus is.   At the June 9, 2015 oral argument, the government proffered the nexus between Theresa Lane and the structuring charge.   See June 9, 2015 Transcript, at 10-11.   It did so again on August 20, 2015.   See August 20, 2015 Transcript, at 14-15, 21.   Regardless of the defendant's desire to probe the government's proof on this issue, Monsanto does not afford her that right.   The nexus between Theresa Lane and the structuring charge has been explained.   The grand jury has made a probable cause determination in that regard.   Allowing a Monsanto hearing under these circumstances would allow the defendant an unwarranted opportunity to second-guess the grand jury and to delve into the government's proof on this issue in a manner that is not available to defendants who cannot afford to hire their own counsel.[3]

---

[3]   The government notes that the defendant has not contested the government's proffer relative to the nexus between Theresa Lane and the structuring crimes charged.   She has offered no counter explanation for how the property was obtained or why the government's information is incorrect.   She has offered no reason to believe that Theresa Lane has been illegitimately restrained.

## CONCLUSION

For the reasons set forth above, the government respectfully requests that the Court find that the defendant is not entitled to second-guess, via a <u>Monsanto</u> hearing or otherwise, the grand jury's determination that there was probable cause for the forfeiture of the property specified in the indictment.

DATED:   Buffalo, New York, August 27, 2015

WILLIAM J. HOCHUL, JR.
United States Attorney


BY:   /s/   MARYELLEN KRESSE
       Assistant United States Attorney
       United States Attorney's Office
       Western District of New York
       138 Delaware Avenue
       Buffalo, New York 14202
       716/843-5888
       MaryEllen.Kresse@usdoj.gov